United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>BAY AREA BALANCING AND CLEANROOMS, INC.,<br>　　　　Defendant. | Case No. 14-cv-01739-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A COUNTERCLAIM**<br><br>Re: Dkt. No. 58 |

　　　Pending before the Court is Defendant's motion for leave to file a counterclaim. Dkt. No. 58. Having carefully considered the arguments and evidence offered by the parties, both in their briefs and during the hearing on this motion, the Court **DENIES** Defendant's motion.

**I. Background**

　　　Sheet Metal Workers' International Association, Local Union No. 104 ("Plaintiff") and Bay Area Balancing and Cleanrooms, Inc. ("Defendant") are parties to a collective bargaining agreement, the Standard Form Union Agreement ("SFUA"). On April 15, 2014, Plaintiff filed this action to recover Defendant's unpaid contributions under the SFUA. After initially defaulting in response to the complaint, Defendant answered and filed a counterclaim against Plaintiff on April 12, 2015, alleging a single count of breach of the implied covenant of good faith and fair dealing. On May 12, 2015, Defendant voluntarily dismissed the counterclaim.

　　　On August 11, 2015, Defendant sought leave to refile a counterclaim. In the proposed counterclaim, Defendant alleges that Plaintiff acted improperly when it failed to sign a Testing

Adjusting and Balancing Bureau ("TABB") Certification for Defendant and informed TABB that Defendant was unemployed. Dkt. No. 58, ¶ 28. Defendant alleges that the union's refusal to sign the certification cost Defendant subcontracts and resulting profits. Dkt. No. 58, ¶¶ 32-33. Defendant turned to the SFUA grievance procedure, which is designed to resolve disputes between employers and the union. Dkt. No. 58, ¶¶ 36-37. The National Joint Adjustment Board ("NJAB") issued a decision in Plaintiff's favor on May 8, 2015; per the SFUA, that decision was "final and binding." Dkt. No. 58, ¶¶ 37-40.

Defendant now attempts to relitigate the dispute before this Court. The proposed counterclaim alleges: (1) Plaintiff breached the implied covenant of good faith and fair dealing by failing to cooperate with Defendant in pursuit of the TABB certification; (2) NJAB panel members failed to decide the issue before them and instead followed their whims and biases; and (3) Plaintiff breached the covenant of good faith and fair dealing by failing to draft an alternative dispute resolution plan.

## II. ARGUMENT

### A. LEGAL STANDARD

When deciding whether to grant leave to file a counterclaim, courts examine Rules 13 and 15 of the Federal Rules of Civil Procedure. *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 947-48 (C.D. Cal. 1996); *Cooper Dev. Co. v. Employers Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991). When more than 21 days have elapsed since either service of a pleading or service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). Although a "court should freely give leave when justice so requires," Rule 15(a)(2), leave to amend is not to be granted automatically, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "A trial court may deny such a

motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Id.* Refusal to grant leave is justified "where the amended complaint would also be subject to dismissal." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

### B. Federal labor law preempts proposed counts one and three.

Section 301 of the Labor Management Relations Act ("LMRA") governs here. 28 U.S.C. § 185(a). "Section 301 preempts all state-law causes of action evaluation of which requires interpretation of a labor contract's terms." *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007). This preemption doctrine exists to "ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). If a claim is "founded directly on rights created by collective-bargaining agreements" or if the claim "is substantially dependent on analysis of a collective-bargaining agreement," the cause of action is preempted. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). "[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'" *Miller*, 850 F.2d at 545 (citation omitted); *see, e.g.*, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 214-20 (1985) (finding state tort based on the duty to act in good faith and fair dealing preempted where the meanings of "good faith" and "fair dealing" were derived from the labor contract); *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962) (finding preempted state breach-of-contract suit based on the collective bargaining agreement).

Because counts one and three—breach of the implied covenant of good faith and fair

dealing—are state law claims that necessarily arise from and are inextricably intertwined with the SFUA, they are preempted by § 301. *See Cook v. Lindsay Olive Growers*, 911 F.2d 233, 238-39 (9th Cir. 1990) (holding that § 301 preempted appellant's claim for breach of the implied covenant of good faith and fair dealing where the collective bargaining agreement contained terms related to his job security and discharge); *Milne Employees Ass'n v. Sun Carriers*, 960 F.2d 1401, 1411 (9th Cir. 1991) ("[W]e have generally held that section 301 preempts the California state cause of action for breach of the implied covenant of good faith and fair dealing when an employee enjoys comparable job security under a collective bargaining agreement.").

### C. Leave to file proposed count two is denied as futile.

"Section 301 empowers this court to review an arbitration conducted under the terms of a collective bargaining agreement." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 986 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). "Ordinarily, a party opposing an arbitration award must move to vacate the award or be barred from further legal action." *Sheet Metal Workers' Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 482 (9th Cir. 1983). "Federal circuit courts have repeatedly dismissed attempts to undermine an arbitrator's award if the moving party failed to file a petition to vacate." *Am. President Lines, Ltd. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div., Unit 60*, 721 F.3d 1147, 1155 (9th Cir. 2013).

Once a party files a § 301 motion to vacate an arbitration award, the district court's review remains "extremely limited." *Sprewell*, 266 F.3d at 986 (internal quotation marks omitted). "The Supreme Court has instructed that 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" *Id.*; *San Francisco–Oakland Newspaper Guild v. Tribune Pub. Co.*, 407 F.2d 1327, 1327 (9th Cir. 1969) (per curiam) ("[S]o far as the arbitrator's decision concerns construction of the contract, the courts have no business

overruling him, because their interpretation of the contract is different than his."). The Ninth Circuit has identified four limited exceptions where vacatur is allowed: "(1) when the award does not draw its essence from the collective bargaining agreement; (2) when the arbitrator exceeds the scope of the issues submitted; (3) when the award runs counter to public policy; and (4) when the award is procured by fraud." *Sprewell*, 266 F.3d at 986.

At the hearing, Defendant clarified that the second cause of action was, in fact, an attempt to vacate the arbitration decision. But Defendant attempts to challenge the arbitration award without first filing a § 301 petition to vacate the award. Moreover, the statute of limitations for a § 301 petition to vacate has already run. *Sheet Metal Workers Int'l Ass'n, Local Union 150 v. Air Sys. Eng'g, Inc.*, 831 F.2d 1509, 1514 (9th Cir. 1987) (holding statute of limitations was a bar where employer "purports to challenge the award, but did not move to vacate it"). Because Congress has not enacted a statute of limitations for § 301, "we apply the forum state's statute of limitations." *San Diego Cnty. Dist. Council of Carpenters of United Bhd. of Carpenters & Joiners of Am. v. Cory*, 685 F.2d 1137, 1139 (9th Cir. 1982). In California, the limitations period for filing a petition to vacate arbitration awards is a hundred days from the date of service of the arbitration decision. *Cory*, 685 F.2d at 1139; Cal. Civ. P. Code § 1288.

Defendant was served with the arbitration decision on May 8, 2015. Dkt. No. 65. The limitations period lapsed on August 16, 2015, a hundred days from the date of service. Defendant failed to timely file a § 301 petition; thus, absent a showing of grounds for equitable tolling, any attempt to file a petition now would be time barred.

Equitable tolling requires timely notice of the claim, a lack of prejudice from any delay, and evidence of good faith and reasonableness underlying the delay. *See Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1019 (9th Cir. 1988). Based on the record before the Court, it seems unlikely that the doctrine of equitable tolling could apply here. The August 11, 2015 proposed counterclaim does not provide Plaintiff notice of Defendant's intent to vacate the arbitration

5

award; rather, count two makes a general allegation regarding the JNAB panel's failure "to decide the issues put before it." Additionally, given Defendant's initial default, and its decision to wait a year before filing an answer and its first counterclaim, the record does not suggest that Defendant's delay was reasonable.

That said, even if the Court were to construe count two as a timely § 301 petition, or to conclude that under these facts equitable tolling would be appropriate, the pleading remains inadequate. Count two provides no basis to support a conclusion that the arbitration panel exceeded the scope of the issues presented or that the panel's decision was not based in the language of the collective bargaining agreement, based in fraud, or contrary to public policy. Rather, count two simply states "It is clear from the Grievance Procedure that the Joint National Adjustment Board (JNAB) Panel Members disregarded what the parties put before them and instead followed their own whims and biases." Dkt. No. 58. This is a conclusory allegation and does not identify any of the four exceptions to the rule that this Court is "not competent to second-guess an arbitrator's judgment." *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1207 (9th Cir. 1989). Because the Court finds that count two could not survive a motion to dismiss, and because there is no indication that Defendant could plead sufficient facts if leave to amend were granted, the Court concludes leave to amend would be futile.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for leave to file a counterclaim is **DENIED**.

**IT IS SO ORDERED.**

Dated: 11/16/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge