UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>BAY AREA BALANCING AND CLEANROOMS, INC.,<br><br>   Defendant. | Case No. 14-cv-01739-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 68 |

  Defendant Bay Area Balancing and Cleanrooms, Inc. is an employer within the meaning of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs Board of Trustees, the named fiduciaries of the Trust Funds named in the complaint, filed this action to recover Defendant's unpaid contributions under ERISA and a collective bargaining agreement with the Sheet Metal Workers' International Association Local Union No. 104 ("Union"). Defendant was a signatory to and bound by the terms of collective bargaining, trust, and subscription agreements, which required Defendant to follow reporting requirements and make contributions based on hours worked by Defendant's employees.

  Pending before the Court is Plaintiffs' motion for summary judgment, Dkt No. 68. Having considered the parties' arguments in the papers and at the hearing, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

## I. LEGAL STANDARD

Summary judgment is proper where the pleadings and evidence demonstrate "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323. To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. To survive a motion for summary judgment, the non-moving party must then show that there are genuine factual issues that can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). To do so, the non-moving party must present specific facts creating a genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.

The Court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.* Moreover, the Court is not required "to scour the record in search of a genuine issue of triable fact," *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citations omitted), but rather "may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

## II. ANALYSIS

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

Plaintiffs' action seeks reimbursement for (1) Defendant's unpaid contributions from January 1, 2010 through September 30, 2013 based on an audit inspection, and (2) Defendant's delinquent contributions as reported by it for March 2014 through May 2015 and contributions it failed to report and pay for June 2015 through September 2015. Additionally, Plaintiffs seek attorneys' fees and costs.

**A. Defendant's Alleged Unpaid Contributions Based on the Audit Inspection**

Although ultimately Plaintiffs likely will be successful in proving unpaid contributions from January 2010 through September 2013, the Court must deny summary judgment at this stage because there remain disputed issues of material fact.

To begin with, there is nothing in the record to suggest that the four disputed employees performed "covered work." Under *Motion Picture Indus. Pension & Health Plans v. N.T. Audio Visual Supply, Inc.*, Plaintiffs must first show that employees performed some covered work; then the burden shifts to the employer "to come forward with evidence of the extent of the covered work performed . . ." 259 F.3d 1063, 1065 (9th Cir. 2001) (internal quotation marks omitted). Contrary to Plaintiffs' contention, the summaries in the audit reports are not a sufficient basis under the summary judgment standard to establish that covered work was performed.

Additionally, as to the CEO and President of Bay Area Balancing Mark Avila, the Subscription Agreement upon which Plaintiffs rely for support does not substantiate the number of hours applied to Avila's unpaid contributions. *See* Dkt. No. 72 at 5. Plaintiffs argue that because Defendant failed to maintain adequate records, the 142-hour presumption in the Subscription Agreement applies to Avila's work from January 2010 through September 2013. But it is not clear to the Court that the time cards Defendant submitted are insufficient. *See id.* at 4 ("Owner/Members are required to maintain *time cards or other adequate records or documentation* on themselves for any Covered Employment." (emphasis added)). In any event, even accepting Plaintiffs' contention that the time cards were inadequate, the Subscription Agreement remains inapplicable to Avila for this time period, as Avila did not sign the agreement until May 2013, *see id.* at 11. Thus, the Subscription Agreement on its own cannot be the basis for Plaintiffs' 142-hour presumption for over 24 months of unpaid contributions before May 2013.

3

Dkt. No. 72 at 5. At the hearing, Plaintiffs' counsel was unable to identify any other document in the record that would make the 142-hour presumption applicable before May 2013.

For these reasons, *on this record*, the Court cannot conclude that summary judgment is appropriate as to the alleged unpaid contributions based on the audit inspection.

### B. Defendant's Delinquent Contributions from March 2014 through May 2015, and June 2015 through September 2015

There are no disputed issues of fact as to this claim. Defendant concedes that it has an obligation under the collective bargaining and trust fund agreements and that its "contributions are delinquent and owed." Dkt. No. 78 at 5. In response to Plaintiffs' "Request for Admission No. 4"—"Admit that You have failed to pay contributions owed to Plaintiff Trust Funds for the months of March 2014 through the present"—Defendant stated: "Admit." Dkt. No. 70-7 at 4. Moreover, Defendant does not contest that it failed to pay contributions it reported for hours worked from March 2014 to May 2015, and that it failed both to report and pay contributions from June 2015 to September 2015; nor does Defendant contest Plaintiffs' requested amount (including liquidated damages and interest) for the time period: $123,794.02.[1] *See* Dkt. No. 78. Given that Defendant has not disputed Plaintiffs' claim, the Court grants summary judgment for this time period for the requested total of $123,794.02.

### C. Damages

Additionally, Plaintiffs seek $35,068.34 in attorneys' fees and costs. The award of attorneys' fees and costs is mandatory under § 1132(g)(2). *See also Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). The Court will address the requested attorneys' fees and reasonableness of the requested amount once judgment is entered as to all disputed unpaid contributions.

### III. CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion for summary judgment. The parties are directed to attend a case management conference on May 24,

---

[1] Per § 1132(g)(2), this amount includes the unpaid contributions, interest on the unpaid contributions, and liquidated damages.

2016 at 2:00 p.m. to set dates for trial. At the case management conference, the parties also should be prepared to discuss the timing of a settlement conference with a magistrate judge.

**IT IS SO ORDERED.**

Dated: May 13, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2016 at 2:00 p.m. to set dates for trial. At the case management conference, the parties also should be prepared to discuss the timing of a settlement conference with a magistrate judge.

**IT IS SO ORDERED.**

Dated: May 13, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge