Michele R. Stafford, Esq. (SBN 172509)
Erica J. Russell, Esq. (SBN 274494)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, California 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: mstafford@sjlawcorp.com
Email: erussell@sjlawcorp.com

Attorneys for Plaintiffs Boards of Trustees of
Sheet Metal Workers Local 104 Health Care Plan, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al., | Case No. C14-01739 HSG |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| BAY AREA BALANCING AND CLEANROOMS, INC.; MARK AVILA, individually, | |
| Defendants. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Boards of Trustees of Sheet Metal Workers Local 104 Health Care Plan, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Bay Area Balancing and Cleanrooms, Inc. and Mark Avila, individually (collectively "Defendants"), as follows:

1.      Defendant Bay Area Balancing and Cleanrooms, Inc. is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

2.      Mark Avila ("Guarantor" or "Avila") confirms that he is authorized to enter into this Stipulation on behalf of Defendant Bay Area Balancing and Cleanrooms, Inc. Avila further confirms

that he is personally guaranteeing the amounts due herein and, as such, agrees to be added as a named Defendant to the above-captioned action. Defendants/Guarantor specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants/Guarantor further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendants join or merge, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

3. The parties agree that the settlement set forth herein encompasses and settles any and all amounts due or that may be claimed to be due to Plaintiffs by Defendants for the period from January 1, 2010, through June 30, 2016.

4. Plaintiffs allege that Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Total Contributions Due | Unpaid Contributions | 20% LDs | 10% Interest (thru 7/26/16) | Subtotals |
|---|---|---|---|---|---|
| Mar-14 | $5,072.92 | $0.00 | $1,014.58 | $686.65 | $1,701.23 |
| Apr-14 | $5,072.92 | $0.00 | $1,014.58 | $669.88 | $1,684.46 |
| May-14 | $5,072.92 | $434.87 | $1,014.58 | $959.34 | $2,408.79 |
| Jun-14 | $5,072.92 | $5,072.92 | $1,014.58 | $1,024.43 | $7,111.93 |
| Jul-14 | $5,232.42 | $5,232.42 | $1,046.48 | $1,009.58 | $7,288.48 |
| Aug-14 | $5,232.42 | $5,232.42 | $1,046.48 | $965.25 | $7,244.15 |
| Sep-14 | $5,232.42 | $5,232.42 | $1,046.48 | $922.35 | $7,201.25 |
| Oct-14 | $5,232.42 | $5,232.42 | $1,046.48 | $878.02 | $7,156.92 |
| Nov-14 | $5,232.42 | $5,232.42 | $1,046.48 | $835.12 | $7,114.02 |
| Dec-14 | $5,232.42 | $5,232.42 | $1,046.48 | $790.79 | $7,069.69 |
| Jan-15 | $5,108.42 | $5,108.42 | $1,021.68 | $730.80 | $6,860.90 |
| Feb-15 | $5,108.42 | $5,108.42 | $1,021.68 | $691.60 | $6,821.70 |
| Mar-15 | $5,108.42 | $5,108.42 | $1,021.68 | $648.20 | $6,778.30 |
| Apr-15 | $5,108.42 | $5,108.42 | $1,021.68 | $606.20 | $6,736.30 |
| May-15 | $5,108.42 | $5,108.42 | $1,021.68 | $562.80 | $6,692.90 |
| Jun-15 | $5,108.42 | $5,108.42 | $1,021.68 | $520.80 | $6,650.90 |
| Jul-15 | $5,286.92 | $5,286.92 | $1,057.38 | $494.45 | $6,838.75 |
| **Continued on next page…** | | | | | |

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

| | | | | |
|---|---|---|---|---|
| Aug-15 | $5,286.92 | $5,286.92 | $1,057.38 | $449.50 | $6,793.80 |
| Sep-15 | $5,286.92 | $5,286.92 | $1,057.38 | $403.10 | $6,747.40 |
| Oct-15 | $5,286.92 | $5,286.92 | $1,057.38 | $358.15 | $6,702.45 |
| Nov-15 | $5,286.92 | $5,286.92 | $1,057.38 | $314.65 | $6,658.95 |
| Dec-15 | $5,286.92 | $5,286.92 | $1,057.38 | $269.70 | $6,614.00 |
| Jan-16 | $5,286.92 | $5,286.92 | $1,057.38 | $224.75 | $6,569.05 |
| Feb-16 | $5,286.92 | $5,286.92 | $1,057.38 | $182.70 | $6,527.00 |
| Mar-16 | $5,286.92 | $5,286.92 | $1,057.38 | $137.75 | $6,482.05 |
| Apr-16 | $5,286.92 | $5,286.92 | $1,057.38 | $94.25 | $6,438.55 |
| May-16 | $5,286.92 | $5,286.92 | $1,057.38 | $49.30 | $6,393.60 |
| Jun-16 | $5,286.92 | $5,286.92 | $1,057.38 | $5.80 | $6,350.10 |
| | | | | **Subtotal:** | **$175,637.62** |
| Contributions due per Audit (1/1/10-9/30/13): | | | | | $118,658.81 |
| 20% LDs due per Audit: | | | | | $23,731.76 |
| 10% Interest due per Audit (through 7/14/14): | | | | | $23,408.97 |
| Additional 10% Interest (7/15/14-7/26/16): | | | | | $24,154.93 |
| Audit Testing Fees | | | | | $12,827.81 |
| | | | | **Subtotal:** | **$202,782.28** |
| Attorneys' Fees (9/11/13-7/25/16): | | | | | $47,321.50 |
| Costs (9/11/13-7/25/16): | | | | | $2,364.22 |
| | | | | **Subtotal:** | **$59,685.72** |
| | | | | **TOTAL DUE:** | **$438,105.62** |

     5.     The parties have agreed to resolve this matter for the total sum of $225,000.00, payable pursuant to the terms set forth below.

**REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

     6.     Notice requirements pursuant to the terms of this Stipulation are as follows:

     a)     **Notices to Defendants/Guarantor**: Mark Avila, Bay Area Balancing and Cleanrooms, Inc., 302F Toyon Ave., #114, San Jose, CA 95127; email: mark@bayareabalancing.com, copy to Joseph McCarthy, at joe@mccarthylawcorp.com

     b)     **Notices to Plaintiffs**: Michele R. Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

     7.     The requirements pursuant to the terms of this Stipulation are as follows:

     a)     **Monthly Payments**: Defendants/Guarantor shall pay the amount of **$225,000.00** in settlement of this matter, as follows:

        i)      Payments in the amount of **$2,500.00 per month** shall begin on September 22, 2016, and continue on or before the 22nd day of each month thereafter **for a period of twenty-four (24) months**, through and including August 22, 2018.

        ii)      Payments in the amount of **$3,500.00 per month** shall begin on September 22, 2018, and continue on or before the 22nd day of each month thereafter **until the amounts due under this Stipulation are paid in full**.

        iii)     Plaintiffs may require that Defendants/Guarantor pay electronically by wire transfer, or by cashier's check.

        iv)     Defendants/Guarantor shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

        v)      Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement and Trust Agreements, and then to principle. Interest shall begin to accrue on July 27, 2016.

        vi)     If Defendants/Guarantor pay $200,000.00 in principal within four (4) years, the remaining $25,000.00 due in principal will be waived.

    b)    **Bond Requirement:** Defendants are required to post a bond pursuant to the terms of the Bargaining Agreement, in the amount of $10,000.00.

    c)    **Contributions:** Beginning with contributions due for hours worked by Defendants' employees during the month of July 2016, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

    d)    **Job Report:** Beginning with the month of July 2016, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

    e)    **Audit:** Should the Trust Funds request an audit of Defendants' payroll records pursuant to the requirements of the Bargaining Agreement and/or Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested.

4

i)      In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report, and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

ii)      In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation within ten (10) days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

iii)      If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

iv)      Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on further audit shall immediately become part of this Judgment.

f)      **Fees:** Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

///
///
///
///
///
///
///
///
///

5

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

8.    In summary, Defendants/Guarantor shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[1] | Delivery locations |
| --- | --- | --- |
| **Stipulated payments in the amount of $2,500.00** payable to *Sheet Metal Workers of Northern California Trust Funds* | 22nd day of each month (9/22/16-8/22/18) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Stipulated payments in the amount of $3,500.00** payable to *Sheet Metal Workers of Northern California Trust Funds* | 22nd day of each month (9/22/18 and 22nd of every month thereafter until amounts due under Stipulation paid in full) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Current contribution reports and payments** (beginning with 7/16 contributions) payable to *Sheet Metal Workers of Northern California Trust Funds* | 22nd day of each month (8/22/16 and 22nd of every month thereafter until amounts due under Stipulation paid in full) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 <br><br> Plus copies to: compliance@sjlawcorp.com (subject: "Bay Area Balancing"); and Sheet Metal Workers of Northern California Trust Funds PO Box 45312 San Francisco, CA 94145 |
| **Completed job reports** (form attached as Exhibit A to Stipulation) (beginning with jobs worked in 7/16) **and Certified Payroll (if requested)** | 22nd day of each month (8/22/16 and 22nd of every month thereafter until amounts due under Stipulation paid in full) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 or compliance@sjlawcorp.com (subject: "Bay Area Balancing") |

9.    Failure to comply with any of the above terms, including submitting a payment that does not clear the bank and/or failing to post the required bond, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

10.    If default occurs, Plaintiffs shall make a written demand to Defendants/Guarantor, to cure

---

[1] All monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

said default **within seven days of the date of the notice from Plaintiffs**. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include Defendants' required bond amount (if unpaid), additional (current) contributions/liquidated damages/interest, and additional attorneys' fees and costs incurred herein.

11.    Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12.    A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

13.    The above requirements remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees."

14.    Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

included in this Stipulation.

15.     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants/Guarantor as to the final amount due, including additional interest, any current contributions and related amounts, Defendants' bond requirement, if unpaid, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment.

16.     Upon receipt of evidence of Defendants' required bond, execution of this Stipulation, and receipt and bank clearance of the first stipulated payment required herein, Plaintiffs' Trust Funds will provide a letter to the International Training Institute stating that Defendant Bay Area Balancing and Cleanrooms, Inc. is current in its financial obligations. Plaintiffs' Trust Funds agree to cooperate in any requests for information by the International Training Institute relative to Defendants' TABB Certification.

17.     Under the Subscription Agreement, an owner/member is ineligible for health care coverage if (s)he fails to make timely contributions currently or in the past.  As Defendant Bay Area Balancing and Cleanrooms, Inc. failed to make timely contributions, Mark Avila is not eligible for health care coverage under the terms of the Subscription Agreement.  However, upon execution of this Stipulation by all parties, the Board of Trustees of Plaintiff Health Care Plan has approved a waiver of this provision, allowing Mark Avila to be eligible for health care coverage under the terms of the Subscription Agreement.  Such coverage shall be reinstated upon bank clearance of the first payment due to be made under the terms of this Stipulation.

18.     Defendants/Guarantor waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waives all rights to stay of execution and appeal.

19.     Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

20.     Defendants/Guarantor have represented that they do not intend to file for Bankruptcy protection. In the event that Defendants/Guarantor file for Bankruptcy protection, Defendants/Guarantor specifically agree that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendants/Guarantor agree to reaffirm this debt, and will not request that the debt

be discharged.

21.   Mutual Release:

a)   Defendants Bay Area Balancing and Cleanrooms, Inc., and Mark Avila hereby fully and forever release any and all causes of action, and/or claims, liens, demands, obligations, damages, or liabilities of any nature whatsoever, whether brought in state or federal court, arbitration, or before the National Labor Relations Board or any other agency or forum, against Plaintiff Sheet Metal Workers' Local Union No. 104, its officers, employees, agents, representatives, attorneys, affiliates, predecessors, successors, and assigns, including but not limited to Bruce Word and Robert Hansen (hereafter "Local 104 Releasees"), through the date of settlement, including but not limited to all claims that arise out of the facts alleged in the Proposed Counterclaim (Dkt. 63) and/or the Complaint in *Bay Area Balancing & Cleanrooms, Inc. v. Sheet Metal Workers' Local Union No. 104 et al.*, Case No. 16-03725 JSW (N.D. Cal.) (Dkt. 1-1).

b)   Defendants Bay Area Balancing and Cleanrooms, Inc. and Mark Avila shall be deemed to have expressly waived and relinquished to the fullest extent permitted by law the provisions, rights, and/or benefits they might otherwise have had against the Local 104 Releasees pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

c)   Except as expressly set forth in this Stipulation, Sheet Metal Workers' Local Union No. 104 and its officers, employees, and agents hereby fully and forever release any and all causes of action, and/or claims, liens, demands, obligations, damages, or liabilities of any nature whatsoever, whether brought in state or federal court, arbitration, or before the National Labor Relations Board or any other agency or forum, against Defendant Bay Area Balancing and Cleanrooms, Inc. or Defendant Mark Avila ("Bay Area Releasees"), through the date of settlement.  This release shall not be construed to bar any claim by an employee of the Bay Area Releasees for any violation by the Bay Area Releasees of state or federal law, violation of any collective bargaining agreement between the Bay Area Releasees and Local 104, workers' compensation, unemployment insurance, or for any claim or cause of

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

action based on violation of the National Labor Relations Act; and shall not be construed to prohibit the Local 104 Releasees, or any of them, from assisting any such employee in the prosecution of any such claim.

(d)     Except as expressly set forth in this Stipulation, the Local 104 Releasees shall be deemed to have expressly waived and relinquished to the fullest extent permitted by law the provisions, rights, and/or benefits they might otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.*

22.     Once this Stipulation is fully executed by the parties, Defendants shall file a dismissal with prejudice of *Bay Area Balancing & Cleanrooms, Inc. v. Sheet Metal Workers' Local Union No. 104 et al.*, Case No. 16-03725 JSW (N.D. Cal.)

23.     Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

24.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

25.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

26.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

27.    Defendants/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

28.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: August 22, 2016                    **BAY AREA BALANCING AND CLEANROOMS, INC.**

                                          By: _____/S/_____
                                          Mark Avila
                                          RMO/CEO/President of Defendant Bay Area Balancing and Cleanrooms, Inc.

DATED: August 22, 2016                    **MARK AVILA**

                                          By: _____/S/_____
                                          Mark Avila
                                          Individually, as Defendant and Guarantor

DATED: September 12, 2016                 **BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.**

                                          By: _____/S/_____
                                          Paul Steckel
                                          Trustee of Plaintiffs' Trust Funds

DATED: September 6, 2016                  **BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.**

                                          By: _____/S/_____
                                          Joseph Maraccini
                                          Trustee of Plaintiffs' Trust Funds

DATED: September 6, 2016                  **SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL UNION NO. 104**

                                          By: _____/S/_____
                                          Joseph Maraccini
                                          Financial Secretary-Treasurer/Recording Secretary for Sheet Metal Workers' International Association Local Union No. 104

///

///

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

1    **APPROVED AS TO FORM:**

                                   LAW OFFICES OF JOSEPH W. MCCARTHY

2                               By:

3    DATED: September 21, 2016        _____/S/_____

4                                   Joseph W. McCarthy
                                   Attorney for Defendants/Guarantor

5                                   SALTZMAN & JOHNSON LAW
                                   CORPORATION

6                               By:

7    DATED: September 23, 2016        _____/S/_____

8                                   Erica J. Russell
                                   Attorneys for Plaintiffs Boards of Trustees of
9                                   Sheet Metal Workers Local 104 Health Care
                                   Plan, et al.

10                                  ALTSHULER BERZON LLP

11                              By:
     DATED: September 6, 2016         _____/S/_____

12                                  Eileen B. Goldsmith
                                   Attorneys for Plaintiff Sheet Metal Workers'
13                                  International Association Local Union No. 104

14            IT IS SO ORDERED.

15            IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
     retain jurisdiction over this matter.
16

17   DATED:              __, 2016

                                   _____
18                                  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

                                   12

| EXHIBIT A |
|:---:|
| ***JOB REPORT FORM*** |

Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation at 44 Montgomery Street, Suite 2110, San Francisco, California 94104 or to compliance@sjlawcorp.com **by the 22nd day of each month**.

**Employer: BAY AREA BALANCING AND CLEANROOMS, INC.**

**Report for the month of _____, 20__ Submitted by: _____**

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Telephone #: | | Project Manager Name: | |
| Project Manager Telephone #: | | Project Manager email address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Telephone #: | | Project Manager Name: | |
| Project Manager Telephone #: | | Project Manager email address: | |
| Contract #: | | Contract Date: | |
| Total Contract Value: | | | |
| Work Start Date: | | Work Completion Date: | |
| Project Bond #: | | Surety: | |

***Attach additional sheets as necessary***

13

27.     Defendants/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

28.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: 8/22, 2016

**BAY AREA BALANCING AND CLEANROOMS, INC.**

By: _____
Mark Avila
RMO/CEO/President of Defendant Bay Area Balancing and Cleanrooms, Inc.

DATED: 8/22, 2016

**MARK AVILA**

By: _____
Mark Avila
Individually, as Defendant and Guarantor

DATED: _____, 2016

**BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.**

By: _____
Paul Steckel
Trustee of Plaintiffs' Trust Funds

DATED: _____, 2016

**BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.**

By: _____
Joseph Maraccini
Trustee of Plaintiffs' Trust Funds

DATED: _____, 2016

**SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL UNION NO. 104**

By: _____
Joseph Maraccini
Financial Secretary-Treasurer/Recording Secretary for Sheet Metal Workers' International Association Local Union No. 104

///

///

11

1      27.    Defendants/Guarantor represent and warrant that they have had the opportunity to be or

2 have been represented by counsel of their own choosing in connection with entering this Stipulation

3 under the terms and conditions set forth herein, that they have read this Stipulation with care and are

4 fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

5      28.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment

6 is satisfied.

7

8 DATED: _____, 2016        **BAY AREA BALANCING AND CLEANROOMS, INC.**

9                  By: _____

10                      Mark Avila
                     RMO/CEO/President of Defendant Bay Area Balancing and Cleanrooms, Inc.

11

12 DATED: _____, 2016        **MARK AVILA**

13                  By: _____

                     Mark Avila
                     Individually, as Defendant and Guarantor

14

15 DATED: *9/12*, 2016      **BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.**

16

17                  By: _____
                     Paul Steckel
                     Trustee of Plaintiffs' Trust Funds

18

19 DATED: _____, 2016      **BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE PLAN, et al.**

20

21                  By: _____
                     Joseph Maraccini
                     Trustee of Plaintiffs' Trust Funds

22

23 DATED: _____, 2016      **SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL UNION NO. 104**

24

25                  By: _____

26                      Joseph Maraccini
                     Financial Secretary-Treasurer/Recording Secretary for Sheet Metal Workers' International Association Local Union No. 104

27 ///

28 ///

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

1    27.    Defendants/Guarantor represent and warrant that they have had the opportunity to be or

2  have been represented by counsel of their own choosing in connection with entering this Stipulation

3  under the terms and conditions set forth herein, that they have read this Stipulation with care and are

4  fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

5    28.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment

6  is satisfied.

7

8  DATED: _____, 2016            **BAY AREA BALANCING AND**
                                      **CLEANROOMS, INC.**

9                                 By: _____

10                                    Mark Avila
                                      RMO/CEO/President of Defendant Bay Area
11                                    Balancing and Cleanrooms, Inc.

12  DATED: _____, 2016            **MARK AVILA**

13                                 By: _____
                                      Mark Avila
                                      Individually, as Defendant and Guarantor
14

15  DATED: _____, 2016            **BOARDS OF TRUSTEES OF THE SHEET**
                                      **METAL WORKERS LOCAL 104 HEALTH**
16                                    **CARE PLAN, et al.**

17                                 By: _____
                                      Paul Steckel
18                                    Trustee of Plaintiffs' Trust Funds

19  DATED: _____, 2016            **BOARDS OF TRUSTEES OF THE SHEET**
                                      **METAL WORKERS LOCAL 104 HEALTH**
20                                    **CARE PLAN, et al.**

21                                 By: _____
                                      Joseph Maraccini
22                                    Trustee of Plaintiffs' Trust Funds

23  DATED: _____, 2016            **SHEET METAL WORKERS'**
                                      **INTERNATIONAL ASSOCIATION LOCAL**
24                                    **UNION NO. 104**

25                                 By: _____
                                      Joseph Maraccini
26                                    Financial Secretary-Treasurer/Recording
                                      Secretary for Sheet Metal Workers' International
27  ///                               Association Local Union No. 104

28  ///

                                      11

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**                    P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

**APPROVED AS TO FORM:**

LAW OFFICES OF JOSEPH W. MCCARTHY

By:

DATED: **9-21** . 2016

Joseph W. McCarthy
Attorney for Defendants/Guarantor

SALTZMAN & JOHNSON LAW
CORPORATION

By:

DATED:             . 2016

Erica J. Russell
Attorneys for Plaintiffs Boards of Trustees of
Sheet Metal Workers Local 104 Health Care
Plan, et al.

ALTSHULER BERZON LLP

By:.

DATED:             . 2016

Eileen B. Goldsmith
Attorneys for Plaintiff Sheet Metal Workers'
International Association Local Union No. 104

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
retain jurisdiction over this matter.

DATED:             , 2016

UNITED STATES DISTRICT JUDGE

12

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C14-01739 HSG**

P:\CLIENTS\SHECL\Bay Area Balancing & Cleanrooms\Pleadings\Stipulated Judgment 8-29-16.docx

**APPROVED AS TO FORM:**

1

2            LAW OFFICES OF JOSEPH W. MCCARTHY

By:

3  DATED: _____, 2016

4            Joseph W. McCarthy
Attorney for Defendants/Guarantor

5            SALTZMAN & JOHNSON LAW
CORPORATION

6            By:

7  DATED: _____, 2016

8            Erica J. Russell
Attorneys for Plaintiffs Boards of Trustees of
Sheet Metal Workers Local 104 Health Care
9            Plan, et al.

10           ALTSHULER BERZON LLP

11           By: _Zve Faulitz_ (for Eileen Goldsmith)

12  DATED: Sept 6, 2016    Eileen B. Goldsmith
Attorneys for Plaintiff Sheet Metal Workers'
13           International Association Local Union No. 104

14      IT IS SO ORDERED.

15      IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
retain jurisdiction over this matter.
16

DATED: 10/11/2016

17            _Haywood S. Gill, J._

18           UNITED STATES DISTRICT JUDGE

12